## TUG RIVER COAL & SALT CO. v. BRIGEL et al.

(Circuit Court of Appeals, Sixth Circuit.   November 6, 1895.)

No. 249.

1. COSTS—PERSONAL LIABILITY OF TRUSTEES.

A bill by trustees to foreclose a mortgage failed to show jurisdiction in the circuit court, but no objection was made in that court, and there was a decree for complainants.   On defendant's appeal, the decree was reversed, and the circuit court of appeals awarded defendant costs in the circuit court, and divided the costs of the appeal.   *Held*, that the judgment as to costs should not be modified so as to show that complainants were liable as trustees only, and not personally.

2. SAME—SET-OFF OF COSTS.

Nor should the judgment be modified so as to allow complainants to set off their liability for costs against the debt due by defendant.

3. SAME—ON REVERSAL—WANT OF JURISDICTION.

The circuit court of appeals, on reversing a decree for complainants for failure of the bill to show jurisdiction in the circuit court, may award defendant costs in the circuit court.

Appeal from the Circuit Court of the United States for the District of Kentucky.

In equity. Bill by Leo. A. Brigel and Logan C. Murray, trustees, against the Tug River Coal & Salt Company and others, to foreclose a mortgage, and for further relief. There was a decree for complainants, and the Tug River Coal & Salt Company appealed. The circuit court of appeals reversed the decree for failure of the bill to show jurisdiction in the circuit court, though the objection was not raised below, and remanded the case, with instructions to dismiss the bill, in the absence of an application to amend so as to show jurisdiction. The circuit court of appeals awarded the appellant costs in the circuit court, and divided the costs of the appeal. 67 Fed. 625, 14 C. C. A. 577.

The appellees moved (1) to modify the judgment as to costs, so as to show affirmatively that whatever judgment is rendered is against the appellees as trustees, and not in their individual capacities, on the ground that this was not a proper case in which to charge trustees personally with costs; (2) to modify the judgment so as to allow any judgment for costs to be set off against the debt due by the appellant to the appellees as trustees; (3) to vacate so much of the judgment as awarded to the appellant the costs in the circuit court, on the ground that the circuit court of appeals, on reversing for want of jurisdiction in the circuit court, cannot award such costs.

Bullitt & Shield, for appellees.

Motion to modify judgment as to costs denied.